# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

July 22, 2021

LETTER TO COUNSEL

     RE:   *Charles D. v. Saul*
          Civil No. DLB-19-127

Dear Counsel:

Lawrence P. Demuth, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before the Court. ECF 21. In response, the Commissioner asked the Court to consider whether Mr. Demuth's requested fee is reasonable. ECF 22. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Demuth's motion for attorney's fees is GRANTED IN PART.

On December 20, 2019, this Court awarded Mr. Demuth $4,534.88 for 22.00 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 18; ECF 20. Plaintiff subsequently received a favorable decision, which resulted in a past-due benefit award of $139,866.00. ECF 21. Mr. Demuth filed a line seeking $34,966.50, or 25 percent of plaintiff's past due benefits, less $6,000 he already received in administrative fees. *Id.* Mr. Demuth also indicated that he would reimburse to plaintiff the $4,534.88 he received pursuant to the EAJA. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

An attorney who successfully represents a claimant before this Court may receive a reasonable fee not to exceed 25 percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b). A court must "independent[ly] check" each agreement to ensure the agreement yields a "reasonable" result. *Gisbrecht*, 535 U.S. at 807. A court reviewing for reasonability properly considers the "character of the representation and the results the representative achieved" and may require the attorney to provide a record of hours spent working on the case and his typical hourly rate. *Id.* at 808. A fee resulting in a "windfall" to the attorney is likely not reasonable. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)); *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (interpreting *Gisbrecht* as establishing that "a reduction in the contingent fee may be appropriate when," *inter alia*, "past-due benefits 'are large in comparison to the amount of time counsel spent on the case'").

The Court may only award attorneys' fees under 42 U.S.C. § 406(b) for representation in court or for "court-related work." *Mudd*, 418 F.3d at 428. However, the court may consider, "as

*Charles D. v. Saul*
Civil No. DLB-19-127
July 22, 2021
Page 2

one factor in its reasonableness determination, the time spent and work performed by counsel on the case when it was pending at the agency level." *Id.* Such consideration is appropriate insofar as it gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

Here, Mr. Demuth and plaintiff entered into a contingent fee agreement, by which plaintiff agreed to pay Mr. Demuth 25 percent of all retroactive benefits to which he might become entitled. ECF 18-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Demuth submitted an itemized report documenting 22.00 chargeable hours he worked on plaintiff's case in this Court. ECF 18-7. If Mr. Demuth receives the full amount of fees he requests, his fee for representation will effectively be $1,589.39 per hour. Mr. Demuth must therefore show that an effective rate of $1,589.39 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Demuth's typical hourly billing rate is $350.00. ECF 18-6 ¶ 6. This is within the range of presumptively reasonable hourly rates commensurate with Mr. Demuth's experience as set forth in the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with an hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with an hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, No. SAG-10-2160 (D. Md. July 7, 2016) (approving contingency fee agreement with an hourly rate of $1,028.14). This Court has approved hourly rates in excess of Mr. Demuth's presumptively reasonable hourly rate. *See, e.g.*, *Tracy M. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-1250, 2020 WL 2732130, at *2 (D. Md. May 26, 2020) (approving a $354.86 hourly rate for Mr. Demuth); *Edna H. v. Comm'r, Soc. Sec. Admin.*, No. TMD-18-581 (D. Md. June 25, 2020) (approving an $844.70 hourly rate for Mr. Demuth's work on preparing a motion for summary judgment and memorandum); *James B. v. Comm'r, Soc. Sec. Admin.*, No. BPG-17-1091 (D. Md. Sept. 16, 2020) (approving a $818.69 hourly rate for Mr. Demuth's work on preparing a motion for summary judgment, memorandum, and response brief); *Frank v. Berryhill*, No. DLB-19-128 (D. Md. June 16, 2021) (approving an hourly rate of $995.57). However, hourly rates in excess of $1,000.00 are the exception, not the rule. Further, the fee Mr. Demuth requests is more than four and a half times his typical hourly rate. The Court acknowledges Mr. Demuth's effective performance and the substantial past-due benefit award his client received. However, the Court finds the requested fee of $34,966.50 for 22.00 hours of work

---

[1] Although they do not govern Social Security cases, guidelines regarding reasonable hourly rates are published in the District of Maryland's Local Rules. *See* Loc. R. App'x B. These guidelines provide a suitable framework with which to evaluate the reasonableness of hourly rates in Social Security cases. *See id.*; *see, e.g.*, *Arvie W. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2 (D. Md. Aug. 22, 2019) (using the guidelines to assess the reasonability of fees requested by a Social Security claimant's counsel). At the time he submitted his EAJA petition, Mr. Demuth had fourteen years of experience litigating Social Security matters. ECF 18-6 ¶ 5. The range of presumptively reasonable hourly rates for attorneys admitted to the bar for nine to fourteen years is between $225.00 and $350.00. Loc. R. App'x B(3)(c).

*Charles D. v. Saul*
Civil No. DLB-19-127
July 22, 2021
Page 3

would result in a windfall.  Instead, the Court awards Mr. Demuth $27,500.00, which provides Mr. Demuth an effective rate of $1,250.00 per hour.  This fee more than triples Mr. Demuth's typical hourly rate and adequately compensates him for the time spent on plaintiff's case in federal court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with effective hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS IN PART Mr. Demuth's motion seeking attorney's fees, ECF 21.  The Court awards Mr. Demuth $27,500.00 less the $6,000.00 Mr. Demuth already received in administrative fees, or $21,500.00.  Mr. Demuth will reimburse plaintiff the $4,543.88 he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States District Judge